UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-CR-00239-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DAVID CHARLES GLENN,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion to Modify Sentence. (Doc. No. 196). In his Motion, Defendant asks the Court to "extend [his] half-way house time beyond the four months that North Carolina is currently giving to federal inmates." (Id.). Defendant notes that "other states are giving up to a year of home confinement/half-way house time in order to reduce the number of inmates that are being held in camps, due to the open environment and COVID-19." (Id.).

The Court sympathizes with Defendant's request, but it is not within the Court's authority to grant it. Once a sentence is imposed, the Bureau of Prisons ("BOP") is solely responsible for determining an inmate's place of incarceration. See 18 U.S.C. § 3621(b); Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam). A court has no authority to designate a prisoner's place of incarceration. United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for more halfway house time alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request.

Moreover, there is no constitutional or statutory authority that allows the Court to order additional halfway house time. A prisoner has no constitutional right to confinement in any

1

particular place, including in a halfway house. See Sandin v. Conner, 515 U.S. 472, 478 (1995) ("the Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."). Following the imposition of a sentence, the Court has limited jurisdiction to correct or modify that sentence absent specific circumstances enumerated by Congress in 18 U.S.C. § 3582. United States v. Garcia, 606 F.3d 209, 212 n.5 (5th Cir. 2010) (per curiam). Section 3582(c) contemplates only a reduction in sentence. See § 3582(c). But Defendant's request to serve the rest of his term in a halfway house, as opposed to a prison camp, works no reduction to his sentence.

Defendant's request for such relief therefore falls outside § 3582(c)'s limited grant of authority to this Court to modify a sentence post-conviction. Because § 3582(c) deprives the Court of jurisdiction to grant home confinement and because Defendant offers no other statutory authority to support his request for such relief, this Court has no authority to act on his request for such relief in this forum.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion to Modify Sentence (Doc. No. 196) is **DENIED**.

Signed: December 7, 2021

Max O. Cogburn Jr
United States District Judge